IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JAMES SCOTT MURPHY,

    Plaintiff,

vs.                                  CIVIL ACTION NO.: CV604-050

JIMMY H. KENNEDY, Librarian,
Georgia State Prison,

    Defendant.

## MAGISTRATE JUDGE'S SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Potosi Correctional Center in Mineral Point, Missouri, filed an action pursuant to 42 U.S.C. § 1983. This case has an extensive history that was thoroughly addressed in the Court's Order dated May 16, 2005. (Dkt. No. 35.) The undersigned incorporates by reference the statement of the case contained in that Order. In the Court's May 16, 2005 Order, the Court adopted the undersigned's Report and Recommendation dated January 26, 2005, and re-referred the case to the undersigned with the following direction:

> [Defendant] has not met his initial burden of showing that [Plaintiff] in fact is a 'three-striker.' After he does so, the burden will shift to [Plaintiff] 'to show that the prior dismissals did not qualify as strikes.' In that resolution of this issue may well moot the court-access issue, it makes sense to defer on that issue and instead re-refer this case to the [Magistrate Judge] for further proceedings consistent with this opinion.

(Dkt. No. 35, p. 6.)

AO 72A
(Rev. 8/82)

Plaintiff filed a motion for reconsideration of the Court's May 16, 2005 Order. (Dkt. No. 36.) In an Order dated June 3, 2005, that motion was denied. (Dkt. No. 38.) Defendant filed a "Supplement To Their Motion To Dismiss And Response To District Court Order of May 16, 2005." (Dkt. No. 39.) Pursuant to the Court's directive, the undersigned will evaluate the instant filings consistent with the legal principles set out in the May 16, 2005 Order.

## STANDARD OF DETERMINATION

It is well-established that a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should not be granted "unless the plaintiff can prove no set of facts which would entitle him to relief.'" Bradberry v. Pinellas County, 789 F.2d 1513, 1515 (11th Cir. 1986) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed.2d 80 (1957)); accord Martinez v. American Airlines, Inc., 74 F.3d 247, 248 (1996). In making this determination, the court must construe the complaint in a light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406, 122 S. Ct. 2179, 2182, 153 L. Ed.2d 413 (2002); Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed.2d 59 (1984). Further, all facts alleged by the Plaintiff must be accepted as true. Christopher, 536 U.S. at 406, 122 S. Ct. at 2182; Brown v. Crawford County, 960 F.2d 1002, 1010 (11th Cir. 1992). When evaluating a motion to dismiss, the issue is not whether the plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." Little v. City of North Miami, 805 F.2d 962, 965 (11th Cir. 1986). The threshold is "exceedingly low" for a complaint to survive a motion to dismiss. Ancata v. Prison Health Services, Inc., 769 F.2d 700, 703 (11th Cir. 1985). A complaint filed by a *pro se* plaintiff is held to even less stringent standards than a complaint

2

drafted by a lawyer. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596, 30 L. Ed.2d 652 (1972) (citing Conley, 355 U.S. at 45-46, 78 S. Ct. at 102).

## DISCUSSION AND CITATION OF AUTHORITY

I. **The Burden Of Proof**

A. **Defendant Has Met His Burden Of Proof.**

Defendant contends that the instant case is distinguishable from Andrews v. King, 398 F.3d 1113 (9th Cir. 2005) in that the PACER reports in Andrews showed only that the cases had been dismissed, whereas the PACER reports submitted by Defendant in support of his motion to dismiss expressly state that the cases were dismissed as frivolous. Defendant avers that in response to the Court's finding that he did not meet his burden of proof, he has provided copies of orders of dismissal from three cases that were dismissed as "strikes" under the PLRA.

In Andrews v. King, 398 F.3d at 1113, the Ninth Circuit Court of Appeals addressed whether the prisoner-plaintiff or the defendant bears the burden of proof when the defendant challenges the plaintiff's *in forma pauperis* ("IFP") status. Id. at 1120. The Court held that the initial production burden rests with the defendant, requiring the defendant to produce documentary evidence which shows that the plaintiff has filed at least three prior actions that were dismissed on the basis that they were "frivolous, malicious or fail[ed] to state a claim." Id. The Court noted that in some instances, the docket record may clearly show that the prior case was dismissed pursuant to § 1915(g), however, in many instances, the docket record does not state the basis upon which the case was dismissed. Id. In such cases, the Court held that the defendant is required to produce other documentation

3

which establishes that the case was dismissed because it was "frivolous, malicious or fail[ed] to state a claim." Id.

In response to the Court's Order dated May 16, 2005, Defendant has filed a supplement to his motion to dismiss. In his supplement, Defendant has provided the Court with copies of the dismissal orders from three cases showing that the cases were dismissed because they were frivolous, malicious, or failed to state claim. Specifically, Defendant has submitted copies of the orders showing that the following cases were dismissed as "frivolous": (1) Murphy v. Soifer, 4:92CV1188 (E.D. Mo. July 23, 1992); (2) Murphy v. Soifer, 92-2809 EMSL (8th Cir. September 10, 1992); (3) Murphy v. Lee, 91-3059 EMSL (8th Cir. December 5, 1991); (4) Murphy v. Sidal, 90-2881 EM (8th Cir. December 10, 1990); (5) Murphy v. Armontrout, 90-1208 WM (8th Cir. February 27, 1990); and (6) Murphy v. St. Louis County, 4:94CV1374 (E.D. Mo. August 31, 1994).

The orders of dismissal submitted by Defendant clearly establish that Plaintiff has had at least three prior cases that were dismissed for reasons that would render them a "strike" under the PLRA. Defendant has met his burden of proof.

**B. Plaintiff Has Not Met His Burden Of Proof.**

Once the defendant has met his burden of proof, the burden shifts to the prisoner-plaintiff to explain why the prior dismissal does not qualify as a strike under § 1915(g). Andrews, 398 F.3d at 1120. Further, "once a prisoner has been placed on notice of potential disqualification under § 1915(g) . . . the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude IFP status." Id.

4

A review of the record reveals that Plaintiff has neither alleged nor provided the Court with evidence tending to suggest that the prior cases are not "strikes" under § 1915(g). Plaintiff has failed to meet his burden of proof.

**II. Plaintiff's Filing Fee Should Be Retained.**

After having been granted leave to proceed *in forma pauperis* in this case, Plaintiff paid the filing fee. In the May 16, 2005 Order, the Court held that if Defendant pursued his motion to dismiss on the basis that Plaintiff is a "three striker," the parties "shall address what should happen to [Plaintiff's] filing fee if the Court finds that he has 'struck out.'" (Dkt. No. 35, p. 6 n.9.)

In his supplement, Defendant contends that Plaintiff's filing fee should be retained as a sanction for failing to provide the Court with an accurate representation of his prior litigation. Defendant asserts that although there is no direct evidence of Plaintiff's intent to mislead the Court, the circumstantial evidence clearly supports such a finding. Next, Defendant avers that even if this Court has the authority to return Plaintiff's filing fee or credit the fee toward another case, the Court should elect not to do so. Finally, Defendant contends that Plaintiff's continued pursuit of this case is a deliberate misuse of judicial process because Plaintiff has served his Georgia sentence and all detainers against him have been released.

False statements by prisoners in their pleadings may result in sanctions including dismissal with or without prejudice. See Fed. R. Civ. P. 11(c). Additionally, false statements in an affidavit or unsworn declaration made under penalty of perjury may result in prosecution for perjury. See 18 U.S.C. § 1621.

5

It is clear that Plaintiff is an experienced *pro se* litigator and that he misled the Court in an attempt to circumvent the PLRA's bar to proceeding *in forma pauperis*. In his Application to Proceed In Forma Pauperis, signed "under penalty of perjury," Plaintiff indicated that he initiated actions or appeals in federal court "two or three [times] around 1987." Further, he indicated that he did not remember whether any of those actions or appeals were dismissed because they were frivolous, malicious, or failed to state a claim. (Dkt. No. 1, p. 1.) As noted above, the record reveals that Plaintiff has had no less than six cases that were dismissed as "strikes."

Assuming, *arguendo*, that Plaintiff was not originally aware of the "three strikes" provision of the PLRA, this Court apprised him of that provision in an Order dated April 28, 2004. In that Order, Plaintiff was advised that

> a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if the prisoner has on three or more prior occasions, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. The only exception to this 'three strikes' rule is if the prison is in 'imminent danger of serious physical injury.'

(Dkt. No. 5, p. 2.) Plaintiff was further informed that at that time he had the opportunity to voluntarily dismiss his complaint without being required to pay the filing fee or have his lawsuit count as a "strike" under § 1915(g). Plaintiff expressed no desire to dismiss the case and has continued to pursue this case relentlessly.

Plaintiff's statement to this Court that he had only filed two or three prior suits in 1987 and did not remember whether those suits were dismissed pursuant to § 1915(g) was deceptive. In light of Plaintiff's failure provide the Court with the requested information and

6

conceal the extensive nature of his prior filings, the Court should retain Plaintiff's full filing fee.

### CONCLUSION

Based on the foregoing reasons, it is my **RECOMMENDATION** that the Motion to Dismiss (Dkt. No. 13) be **GRANTED** and that the Court retain the filing fee ultimately paid by Plaintiff.

**SO REPORTED** and **RECOMMENDED**, this ___9th___ day of August, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)

# United States District Court
## Southern District of Georgia

MURPHY
_____ )

vs                          )    CASE NUMBER   CV604-50

KENNEDY                     )    DIVISION      STATESBORO
_____ )

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 8/9/05 _____, which is part of the official record of this case.

Date of Mailing:    8/9/05

Date of Certificate    [X] same date,    or _____

Scott L. Poff, Clerk

By: _____Sherry Taylor_____
Sherry Taylor, Deputy Clerk

Name and Address

John Jones
James Murphy, 158241, Potosi Correctional Center, 11593 State Highway O, Mineral Point, MO 63660
Devon Orland

[ ] Copy placed in Minutes
[ ] Copy given to Judge
[X] Copy given to Magistrate